■ FLOYD BRANCH et al., Appellants, v AMC MANAGEMENT CORP., Respondent, et al., Defendant.—Order, Supreme Court, New York County (Irving Kirschenbaum, J.), entered December 11, 1985, which granted the motion by Lesser & Schwartz, Esqs. to be relieved as attorneys for defendant AMC Management Corp., unanimously reversed, on the law and in the exercise of discretion, and the motion is denied, with costs.

In May 1981 plaintiffs were injured when their automobile collided with a vehicle owned by AMC Management Corp. Plaintiffs received no response from AMC to the summons and complaint which was served upon the Secretary of State, and plaintiffs were unable to serve the driver of the AMC vehicle, Ramon Tapia. They thereupon forwarded in June 1983 a copy of the summons and complaint to the Sentry Insurance Co., which had been identified by the Department of Motor Vehicles as the insurer of the AMC vehicle.

On June 13, 1983, Sentry assigned the defense of plaintiffs' action to Lesser & Schwartz, Esqs., who requested and received from plaintiffs additional time to serve an answer. Thereafter, an answer, and demands for a bill of particulars, examinations before trial, and discovery were served upon plaintiffs by Lesser & Schwartz. In 1984 Mr. Schwartz told plaintiffs' lawyer that he believed there was a declaratory judgment action pending by Sentry against AMC whereby Sentry was seeking to disclaim coverage of AMC's vehicles on the basis of alleged misrepresentation. Despite repeated requests, and attendant delays in proceeding with the case, Lesser & Schwartz never came forward with the name or index number of the declaratory judgment action.

In May 1985, Lesser & Schwartz moved to be relieved as attorneys for AMC, alleging that "Notwithstanding the existence of this declaratory judgment action [which still was not identified by caption or index number], Sentry Insurance Company erroneously authorized us to interpose an answer to the complaint on behalf of AMC Management Corp." The supporting affidavit further alleged that Sentry did not insure the subject AMC vehicle on the date of the accident, although other AMC vehicles were insured by Sentry on that date, and went on to name the Greater New York Mutual Insurance Company as the correct carrier for that vehicle. The motion to be relieved was granted.

There appears to be no explanation in the record for Sen-

try's two-year delay in advising plaintiffs and the court that Sentry had no policy in force covering the AMC vehicle that was involved in the accident, or why none of the parties have been able to require Greater New York Mutual Insurance Company to take over AMC's defense. Under these circumstances, we believe that it was an improvident exercise of discretion to permit Lesser & Schwartz to belatedly withdraw as counsel for AMC. That is the only question before us. If there is a procedural muddle or confusion as to liability created upon our determination of this appeal, it is of the parties' own making, and we express no opinion as to how it ought to be resolved. Concur—Sandler, J. P., Carro, Asch, Rosenberger and Ellerin, JJ.